UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGO GUERRERO,<br><br>　　　　　　　　　Petitioner,<br><br>　　　　　　-v.-<br><br>DIRECTOR THOMAS DECKER, *as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement*, ACTING SECRETARY CHAD WOLF, *as Acting Secretary, U.S. Department of Homeland Security*, and ATTORNEY GENERAL WILLIAM BARR, *as Attorney General, U.S. Department of Justice*,<br><br>　　　　　　　　　Respondents. | 19 Civ. 11644 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

　　　Petitioner Domingo Guerrero has been detained pursuant to 18 U.S.C. § 1226(a) periodically since June 2019. In July 2019, Guerrero was given an individualized bond hearing at which he bore the burden of proving that he was not a flight risk and that his release would not pose a danger to property or persons, after which he was denied bond. Before the Court now is Guerrero's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he argues that his bond hearing was defective because both the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act (the "APA"), *codified in relevant part at* 5 U.S.C. §§ 702, 703, 706, required that the burden to justify his detention be placed on the Government. The Court concludes that the Due Process Clause required the Government to prove, by

clear and convincing evidence, that Guerrero's detention was justified. Accordingly, the Petition is granted as set forth herein.

## BACKGROUND[1]

### A. Factual Background

Domingo Guerrero is a 53-year-old man, alleged by the Department of Homeland Security (the "DHS") to be a citizen of El Salvador. (Pet. ¶ 23). On May 22, 2019, Guerrero was arrested and charged with aggravated unlicensed operation of a motor vehicle; driving while intoxicated with a previous designated offense within 10 years; and using a leased, rented, or loaned vehicle not equipped with an interlock device. (Boyd Decl. ¶ 6). He was charged in a separate case with possession of a controlled substance in the seventh degree. (*Id.*). Guerrero was released on his own recognizance by a criminal court judge in Suffolk County. (Pet. ¶ 28).

On June 11, 2019, Guerrero was arrested by U.S. Immigration and Customs Enforcement ("ICE") for the purpose of placing him into removal proceedings. (Boyd Decl. ¶ 7). ICE charged Guerrero as being inadmissible for being present in the United States without being admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*; Pet. ¶ 30). ICE determined that Guerrero

---

[1] This opinion draws on facts alleged in the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet." (Dkt. #1)) and the Declaration of Deportation Officer Waveney Boyd ("Boyd Decl." (Dkt. #10)).

For ease of reference, the Court refers to the parties' briefing as follows: Respondents' Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus as "Gov. Opp." (Dkt. #9); and Petitioner's Reply in Support of the Petition for Habeas Corpus as "Pet. Reply" (Dkt. #11).

was subject to discretionary detention under 8 U.S.C. § 1226(a), and thus eligible for a bond hearing in front of an Immigration Judge ("IJ"). (Pet. ¶ 30).

On July 10, 2019, an IJ held the bond hearing, at which she placed the burden of proof on Guerrero to prove that he was neither a danger to the public nor a flight risk. (*Id.* at ¶ 33). Guerrero and his counsel presented evidence in support of his request for bond, including: (i) letters from his family and friends showing that he had completed an alcohol treatment program; (ii) a letter from a social worker referring Guerrero to a community-based treatment program; and (iii) testimony from Guerrero concerning his prior criminal cases and his participation in Alcoholics Anonymous programming. (*Id.*). The Government provided an unauthenticated rap sheet and an immigration form concerning his deportability, Form I-213. (*Id.*). On August 22, 2019, the IJ issued a written decision, denying Guerrero bond. (*Id.* at Ex. D). The IJ found that Guerrero had not met his burden of proving that he was not a "risk of danger to his community," and stated that she was not convinced Guerrero would report to appropriate authorities if released. (*Id.*).

Guerrero filed a notice of appeal from the denial of bond with the Board of Immigration Appeals (the "BIA") on August 6, 2019. (Pet. ¶ 35). On January 30, 2020, the BIA dismissed Guerrero's appeal. (Pet. Reply, Ex. H).[2] In accordance with prior decisions by the BIA holding that the burden of proof

---

[2] In light of the BIA's decision, the Government's argument that Guerrero's challenges should be denied for failure to exhaust his administrative remedies (*see* Gov. Opp. 7-14) is moot. *See, e.g., Linares Martinez* v. *Decker*, No. 18 Civ. 6527 (JMF), 2018 WL 5023946, at *2 n.2 (S.D.N.Y. Oct. 17, 2018).

3

in § 1226(a) bond hearings is on the alien, the BIA found that it was Guerrero's burden to "demonstrate that he is not a danger to persons or property." (*Id.* at 2 (citing *Matter of Adeniji*, 22 I & N Dec. 1102, 1111-13 (BIA 1999))).

On August 23, 2019, ICE transported Guerrero to Suffolk County for proceedings in criminal court. (Pet. ¶ 29). Guerrero remained in pretrial criminal custody until September 26, 2019, when he pleaded guilty to certain misdemeanor offenses: driving while intoxicated, facilitating aggravated unlicensed operation of a vehicle, and disorderly conduct. (*Id.*). Guerrero was sentenced to six months' imprisonment. (*Id.*).

On December 19, 2019, Guerrero completed his criminal sentence. (Pet. ¶ 41; Boyd Decl. ¶ 19). On that day, Suffolk County authorities turned Guerrero over to ICE for detention pending removal proceedings. (Pet. ¶ 41).

**B.     Procedural Background**

On December 19, 2019, Guerrero filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court, challenging the adequacy of the procedural protections afforded him at his bond hearing before the IJ. (Dkt. #1). Specifically, Guerrero challenged the fact that the burden of proof had been imposed on him to establish that he was not a danger or a flight risk and was therefore entitled to release on bond. (*See generally* Pet.). The Petition asserts two causes of action: (i) placing the burden of proof on Guerrero violated the Due Process Clause of the Fifth Amendment; and (ii) placing the burden of proof on Guerrero violated the APA. (*Id.*).

On January 6, 2020, the parties submitted a joint letter, proposing a briefing schedule for Guerrero's Petition. (Dkt. #3). The Government filed their opposition papers on January 30, 2020. (Dkt. #8, 9, 10). Guerrero filed his reply papers in further support of his habeas petition on February 13, 2020. (Dkt. #11). On March 13, 2020, Guerrero filed a letter brief styled as an "Emergency Motion for Immediate Adjudication or Interim Release in Light of COVID-19," citing his health conditions and age. (Dkt. #12).

## DISCUSSION

### A. Applicable Law

#### 1. Habeas Petitions Under 28 U.S.C. § 2241

The general habeas corpus statute, set forth at 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang* v. *Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under this provision, federal courts are empowered to hear claims by non-citizens challenging the constitutionality of their detention. *Demore* v. *Kim*, 538 U.S. 510, 516-17 (2003). The Government does not dispute this Court's jurisdiction to hear this case.

#### 2. Statutory Framework: 8 U.S.C. § 1226(a)

Under federal immigration law, the DHS is authorized to arrest and detain an alien who has entered the United States but is believed to be removable. 8 U.S.C. § 1226(a); *Lora* v. *Shanahan*, 804 F.3d 601, 608-09 (2d Cir. 2015), *vacated on other grounds*, 138 S. Ct. 1260 (2018). The alien may be

5

detained "pending a decision on whether the alien is to be removed," or federal officials may choose to release the alien on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings* v. *Rodriguez*, 138 S. Ct. 830, 847 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). After ICE makes an initial decision to detain an alien, the alien may request a bond hearing (also known as a custody redetermination hearing) from an IJ at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). The IJ's bond decision is appealable to the BIA. *Id*. § 1003.19(f).

"Section 1226(a) does not indicate whether the government or the alien bears the burden of proof at a custody redetermination hearing and what amount of evidence would satisfy that burden." *Darko* v. *Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018) (citing 8 U.S.C. § 1226(a)). The BIA, however, has held that, in a bond hearing under § 1226(a), "[t]he burden is on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond." *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006); *accord In re Adeniji*, 22 I. & N. Dec. at 1116 (holding that "respondent must demonstrate that his release would not pose a danger to property or persons, and that he is likely to appear for any future proceedings"). The alien must show that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Guerra*, 24 I. & N. Dec. at 40. Since *Adeniji*, the BIA has repeatedly reaffirmed that the burden should be on the alien. *See In re Fatahi*, 26 I. & N. Dec. 791, 793 (BIA 2016).

### 3. Constitutional Framework: The Due Process Clause

There is no dispute "that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523; *see* also *Reno* v. *Flores*, 507 U.S. 292, 306 (1993). It is equally undisputed that "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." *Zadvydas* v. *Davis*, 533 U.S. 678, 690 (2001). "Indeed, the Supreme Court has repeatedly reaffirmed that 'civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Linares Martinez* v. *Decker*, No. 18 Civ. 6527 (JMF), 2018 WL 5023946, at *2 (S.D.N.Y. Oct. 17, 2018) (quoting *Addington* v. *Texas*, 441 U.S. 418, 425 (1979)); *cf. Foucha* v. *Louisiana*, 504 U.S. 71, 80 (1992) (holding that, in order to justify continued confinement of a mentally ill person, the State bears the burden of showing "by clear and convincing evidence that the individual is mentally ill and dangerous" (internal quotation marks omitted)); *see generally Kansas* v. *Hendricks*, 521 U.S. 346, 353-56 (1997) (holding that a civil commitment statute satisfied the Due Process Clause in part because it "plac[ed] the burden of proof upon the State"). Nonetheless, under certain circumstances, the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523.

### B. Placing the Burden on Guerrero to Establish That He Should Be Released on Bond Violated the Due Process Clause

In *Jennings*, the Supreme Court addressed the procedures required in a bond hearing under § 1226(a) and related statutes. 138 S. Ct. at 839. The Court held that the text of § 1226(a) "does not mandate that a clear and convincing evidence burden be placed on the Government in bond hearings, but it left open the question of whether the Due Process Clause does." *Darko*, 342 F. Supp. 3d at 434-35 (citing *Jennings*, 138 S. Ct. at 839). Since *Jennings*, the "overwhelming majority" of courts "have concluded … that when unreviewed detention has become unreasonable, the government must bear the burden of proof at a bond hearing by clear and convincing evidence, to ensure the preservation of the detainee's fundamental liberty interests." *Joseph* v. *Decker*, No. 18 Civ. 2640 (RA), 2018 WL 6075067, at *12 (S.D.N.Y. Nov. 21, 2018); *see also Velasco Lopez* v. *Decker*, No. 19 Civ. 2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019) ("While *Lora* is no longer binding authority, every court to have considered the constitutional issue presented in this case has agreed with its persuasive logic — under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)." (citing *Darko*, 342 F. Supp. 3d at 436; *Linares*, 2018 WL 5023946, at *2)); *Constant* v. *Barr,* 409 F. Supp. 3d 159, 172 (W.D.N.Y. 2019) ("The vast majority of courts in this Circuit to have considered this issue have found 'that imposing a clear and convincing standard would be most consistent with due process.'" (quoting *Hernandez* v. *Decker*, No. 18 Civ. 5026 (ALC), 2018 WL 3579108, at *11 (S.D.N.Y. July 25,

2018))); *Linares*, 2018 WL 5023946, at *2-5 ("It follows that Linares is entitled to a new bond hearing at which the Government is required to shoulder that burden to justify his continued detention [by clear and convincing evidence]."); *Reid* v. *Decker*, No. 19 Civ. 8393 (KPF), 2020 WL 996604, at *11 (S.D.N.Y. Mar. 2, 2020) (ordering "the Government to bear the burden of proving by clear and convincing evidence that Reid poses a flight risk or danger to the public to justify his continued detention").

The Court finds these cases persuasive. As the district courts in *Linares* and *Darko* noted, given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the Government to bear the burden, particularly in light of long-established Supreme Court precedent affecting the deprivation of individual liberty:

> The Government certainly has an interest in "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and alteration omitted). At the same time, for detainees like Linares, who can face years of detention before resolution of their immigration proceedings, "the individual interest at stake is without doubt 'particularly important and more substantial than mere loss of money.'" [*Singh* v. *Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011)] (quoting [*Santosky* v. *Kramer*, 455 U.S. 745, 756 (1982)]) .... The balance of these interests, by itself, supports imposing the greater risk of error on the Government — specifically, by allocating to it the burden of proof.

*Linares*, 2018 WL 5023946, at *3; *see also Darko*, 342 F. Supp. 3d at 435. And requiring that the Government meet this burden of proof by clear and convincing evidence is more consistent with *Lora* — which remains persuasive

9

authority — and *Addington*, which was decided in the analogous context of a civil commitment proceeding. *Lora*, 804 F.3d at 616 ("Following the Ninth Circuit, we also hold that the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community."); *Addington*, 441 U.S. at 432-33 ("To meet due process demands, the standard has to inform the factfinder that the proof must be greater than the preponderance-of-the-evidence standard applicable to other categories of civil cases.").

The arguments that the Government presents against this interpretation of the Due Process Clause are nearly identical to those that have been considered and rejected by numerous courts in and out of this District. The Government argues that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." (Gov. Opp. 16 (citing *Demore*, 538 U.S. at 528)). But *Demore* "has limited relevance to the type of challenge here," because it "'involved criminal aliens subject to mandatory detention' under Section 1226(c) — that is, a class of presumptively unbailable aliens whose detention Congress had deemed to be necessary and reasonable." *Linares*, 2018 WL 5023946, at *4 (quoting *Figueroa* v. *McDonald*, No. 18 Civ. 10097 (PBS), 2018 WL 2209217, at *5 (D. Mass. May 14, 2018)). Furthermore, "simply requiring that IJs impose a more exacting standard on government attorneys does not equate to requiring that IJs 'employ the least burdensome means' to ensuring

10

an individual returns to court, as it still affords the IJ some discretion in his or her determination." *Hernandez*, 2018 WL 3579108, at *11

The Government also takes issue with various cases cited by Guerrero in support of his argument that the Government should bear the burden of persuasion, including his reliance upon the Second Circuit's decision in *Lora*, which was vacated by *Jennings*, and the Ninth Circuit's decision in *Singh*, which the Government argues was implicitly vacated by *Jennings*. In *Lora*, the Second Circuit held that the Due Process Clause guarantees detainees held under § 1226(c) — which mandates detention pending removal for aliens convicted of certain crimes — a bail hearing at which the Government must establish by clear and convincing evidence that the alien poses a risk of flight or a danger to the community. 804 F.3d at 616. And though the Government is correct that *Lora* was vacated by *Jennings*, it still carries "significant persuasive weight" as to the constitutional issue, which was not addressed in *Jennings*. *Sajous* v. *Decker*, No. 18 Civ. 2447 (AJN), 2018 WL 2357266 at *6 (S.D.N.Y. May 23, 2018). Similarly, in *Singh* the Ninth Circuit held that "in § 1226(a) custody hearings, the Constitution mandates that [i] the burden must be placed on the government and [ii] the standard is clear and convincing evidence." *Darko*, 342 F. Supp. 3d at 435 (summarizing *Singh*, 638 F.3d at 1203-05). As other courts have acknowledged, *Singh*'s due process analysis survived the Supreme Court's *Jennings* opinion, which expressly declined to address the constitutional question. *See Cortez* v. *Sessions*, 318 F. Supp. 3d 1134, 1145-47 (N.D. Cal. 2018). For these reasons, the Court does not fault

Guerrero for his citation to *Lora* and *Singh*, two relevant opinions from the only two circuit courts to have addressed the issue before it — indeed, the Court is persuaded by their analyses, irrespective of the degree of precedential value.

Finally, the Government argues that Guerrero cannot establish that his right to due process was violated by the placement of the burden of persuasion, because there is "no reason to conclude that the IJ would have reached a different conclusion had the burden been shifted." (Gov. Opp. 24-25). It is true that "[p]arties claiming denial of due process in immigration cases must, in order to prevail, "allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda* v. *Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab* v. *Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)). But the IJ plainly could have found that the Government did not meet its burden to establish by clear and convincing evidence that Guerrero — a man who has resided in Suffolk County for 15 years and whose criminal history is limited to non-violent misdemeanor convictions — posed a danger to the community or a risk of flight. (Pet. ¶ 23). In light of this, Guerrero has adequately alleged cognizable prejudice resulting from the lack of due process.

Thus, "in accordance with every court to have decided this issue," *Linares*, 2018 WL 5023946, at *5, the Court concludes that due process requires the Government to bear the burden of proving that detention is justified at a bond hearing under § 1226(a). In addition, "in accordance with the overwhelming majority of courts to have decided the issue," *Darko*, 342 F.

Supp. 3d at 436, the Court concludes that the Government must bear that burden by clear and convincing evidence.[3]

## CONCLUSION

For the reasons stated above, Guerrero's Petition for a Writ of Habeas Corpus is GRANTED to this extent: Within thirty (30) days of the date of this Opinion and Order, Respondents shall either provide Guerrero with an individualized bond hearing consistent with this Opinion and Order or release him. The Court will not set a shorter time frame, as it believes that Respondents' ability to act may itself be hampered by policies implemented in response to COVID-19. The Court's resolution of this matter also resolves Petitioner's emergency application of March 13, 2020.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated:   March 16, 2020
         New York, New York

_____
          KATHERINE POLK FAILLA
          United States District Judge

---

[3] Because the Court resolves Guerrero's Petition on his constitutional claim, it does not address his APA claim. *See Darko* v. *Sessions*, 342 F. Supp. 3d 429, 432 n.1 (S.D.N.Y. 2018) (declining to address petitioner's APA claim after granting habeas relief on constitutional claim); *Linares*, 2018 WL 5023946, at *2 n.3 (same).